Henry J. Latham, J.
Motion by the plaintiff in a negligence action for summary judgment in accordance with new rule 113 of the Buies of Civil Practice, effective March 1,1959.
The plaintiff was a passenger in an automobile operated by one Lenwood Johnson as it was proceeding north on Beach 9th Street at its intersection with Caffrey Avenue, Par Bockaway, Queens County, New York. Plaintiff and said Lenwood Johnson claim in their supporting affidavits that the automobile operated by the defendant in an easterly direction on Caffrey Avenue was proceeding “ at an excessive rate of speed ” when it struck the left side of their vehicle at a point “ approximately in the center of the roadway.”
The sole opposing affidavit was submitted by an attorney associated with the attorney of record for the defendant. It is not based upon personal knowledge of the facts nor, indeed, does it contain any facts of probative value. It merely presents the point of view on behalf of the defendant to the. effect that she is entitled to have the issue of negligence and contributory negligence determined by a jury and not upon affidavits alone.
While this opposing affidavit is insufficient under the provisions of subdivision 2 of the new rule which states that “ The affidavit must be by a person having knowledge of the facts; it must recite all the material facts; and it must show * * * that the action or claim has no merit * * * ”, the plaintiff’s motion must nevertheless be denied. It is provided in the said subdivision 2 that The motion shall be granted if, upon all the papers and proof submitted, the action or claim * * * shall be established sufficiently to warrant the court as a matter of law in directing judgment * * in favor of any party.”
The court is of the opinion that the plaintiff has not established her action or claim sufficiently to warrant the court as a matter of law in directing judgment ’ ’ in her favor on the issue of negligence. Even though the facts contained in the moving affidavits have not been disputed by an affiant having knowledge, it is still for the jury to determine in a case such as this whether these facts spell out a ease of negligent operation of the defendant’s vehicle. The fact that plaintiff was a passenger in one of the automobiles involved in the collision and the accident occurred at an intersection are factors to be considered with all others by the trier of the facts and are not conclusive upon a motion such as this.
Submit order.